MINNIE M. BOND, *per prochein ami, vs.* CITY OF BIDDEFORD.

York.   Opinion January 1, 1884.

*Evidence.   Defective ways.   Report of street commissioner.*

A written report to a city of its street commissioner that one of its bridges was decayed, rotten and unsafe, the report having been printed and circulated by the city, is admissible in evidence, in an action against the city for an injury imputable to the defective bridge, for the purpose of proving notice of the defect to the municipal officers.

ON EXCEPTIONS and motion to set aside the verdict.

Action to recover damages for injuries received by the falling of the Bradbury. Bridge (so called) in Biddeford, while the plaintiff, a school girl, was crossing December 7, 1881. The writ was dated November 21, 1882, and the plea was the general issue.

The verdict was for the plaintiff in the sum of five hundred dollars, and the defendant moved to set it aside and alleged the following exceptions.

"The presiding judge admitted the report of Alfred Goodwin, street commissioner, upon the point of notice only, objection to which was duly and seasonably made by defendants' counsel and exceptions thereto noted.   Also the presiding judge refused to give the following instructions, except as given in the charge:

"First.   If the plaintiff's mother was guilty of negligence in sending the plaintiff across the bridge, and the plaintiff acted upon such instructions, it would constitute contributory negligence upon the part of the plaintiff.

"Second.   If the plaintiff was guilty of contributory negligence, she is not entitled to recover.

"Third.   If the condition of the bridge was such as to give travellers notice that it was being repaired, the plaintiff is not entitled to recover.

"Fourth. Unless the municipal officers of the city had twenty-four hours actual notice of the defect which caused the span to break, which did break, the plaintiff is not entitled to recover.

"Fifth. The fact that the plaintiff knew that other people passed over the bridge would not justify the plaintiff in crossing, if the condition of the bridge was such as to give travellers notice that the bridge was unsafe.

"The defendant being aggrieved by the admission of said testimony and evidence, and by the refusal to instruct the jury as requested, excepts thereto, and prays that their exceptions be allowed."

Upon the first request, the presiding judge said to the jury: "I cannot give you this instruction as it is written, because it would embrace any degree of negligence less than a want of ordinary care. I have given you instructions upon this point, and I do not feel under the necessity of giving you any further instructions upon it."

Upon the second, he said: "This I have already given you, provided her negligence contributed to her injury."

Third, "I cannot give you this request. It would shield any town or city from liability on a way which was under repair if the traveller had notice that it was being repaired, notwithstanding it might be in such a condition, a portion of it left for public travel might be in such a condition, as to be unsafe and inconvenient, and the municipal officers might have had notice of it."

Fourth, "I have given you that instruction already."

Fifth, "I have instructed you fully upon that branch of the case, and I have no occasion to give you any farther instructions."

Sixth, "I cannot give you this request. I have instructed you upon the same point and can give you no further instructions upon it."

Other material facts are stated in the opionion.

*W. F. Lunt* and *F. W. Guptill*, for the plaintiff, cited: *State* v. *Watson*, 63 Maine, 128; *Roberts* v. *Plaisted*, 63 Maine, 335; *Dunn* v. *Moody*, 41 Maine, 239; *Rogers* v. *Newport*, 62 Maine, 101; *Jacobs* v. *Bangor*, 16 Maine, 187.

*N. B. Walker*, city solicitor, for the defendants.

The report of Alfred Goodwin, street commissioner, was for the year 1880, and was founded upon an examination made by him in 1880; and before the accident, the bridge had been repaired. The report was therefore inadmissible. The report was never made to the city council, and was simply the declaration of an officer and inadmissible. Abbott, Trial Evidence, page 57, § 62; *Smyth* v. *Bangor*, 72 Maine, 253; *Folsom* v. *Underhill*, 36 Vt. 580.

The evidence is too weak to sustain the burden of proof upon the question of notice, when met by the direct and positive denial of the person to whom notice is attempted to be proved. *Smyth* v. *Bangor*, 72 Maine, 253; *Porter* v. *Sevey*, 43 Maine, 519.

The city through its municipal officer or highway surveyor, must have twenty-four hours notice of the identical defect which caused the injury. Laws of 1879, chap. 206. For the statute is penal in its character and must be construed strictly. *Mower* v. *Leicester*, 9 Mass. 247; *Commonwealth* v. *Springfield*, 7 Mass. 9; *Springfield* v. *Bowdoinham*, 7 Maine, 445.

In making repairs, all that is required of the city is that the traveller shall be warned of his danger. *Frost* v. *Portland*, 11 Maine, 274, approved in *State* v. *Fryeburg*, 15 Maine, 407; *Wilson* v. *Charlestown*, 8 Allen, 137 : *Fox* v. *Glastenbury*, 29 Conn. 204; *Jacobs* v. *Bangor*, 16 Maine, 190; *Bellefontaine R. R. Co.* v. *Hunter*, 5 Am. R. 201.

The city was required to exercise no more than ordinary care in notifying travellers of the condition of the way. Angell on Highways, 293; Redfield on Negligence, §§ 399 and 376.

The fence at each end of the bridge having been put up properly the night before the accident, and not being down to the knowledge of any municipal officer or the street commissioner, it was a defect of which the city had no notice and can not be liable for it. *Klatt* v. *Milwaukee*, 40 Am. R. 759; *Doherty* v. *Waltham*, 4 Gray, 596.

The plaintiff passed over the bridge a few hours previous to the accident, and could not have failed to see the condition of the way; and if defective, she can not recover without showing that she notified the proper officers of the defect. Laws of 1879, chap. 156.

A knowledge of the way in such cases is sufficient to raise presumption of negligence on plaintiff's part. *Fox* v. *Glastenbury*, 29 Conn. 204; *Folsom* v. *Underhill*, 36 Vt. 580.

In order to enable the plaintiff to recover, she must show affirmatively that she used due care — ordinary prudence. *Spencer* v. *Utica R. R. Co.* 5 Barb. 337; 29 Conn. 204.

If the child is not of such age as to use ordinary care, the want of such care on the parents' part furnishes the same defence, in an action by the child. 21 Wend. 614.

The fifth requested instruction should have been given. 61 Barb. 437.

While the facts are undisputed, it is a question of law whether there is a legal cause of action. *Cotton* v. *Wood*, 9 Eng. Com. Law, 568; *Gilman* v. *Deerfield*, 15 Gray, 577.

PETERS, C. J. Upon a full examination of the case, we do not see that any debatable question arises upon the exceptions, excepting that in relation to notice. Most of the requested instructions were given either as asked for, or with proper qualification. We cannot see that any error was committed by the presiding judge in dealing with the questions presented.

It is contended by the defendants that the report of the street commissioner to the city council, dated December 17, 1881, was not admissible in evidence, as tending to show notice to the city of the alleged defect. This report declares the bridge, where the accident happened, to be decayed, rotten, and unsafe. Prior to the accident, the city printed and circulated the report. The unsafe condition of the bridge being admitted or proved, the use made by the city of the report relative to its unsafety, would seem to be quite satisfactory evidence that the city, through its municipal officers, had notice of the fact. The judge correctly ruled that it was competent evidence upon that question.

*Smyth* v. *Bangor*, 72 Maine, 249, relied upon by defendants, does not in any degree militate against this position. In that case, the court held that the mere declarations of a town officer were not receivable to prove notice of a defect. There the declarations stood alone, unaccompanied by any official act. Here they are made to the city, in the performance of an official duty. Thereby the city became informed of the condition of the bridge in as effectual and reliable a manner as the thing was susceptible of. The motion for new trial cannot be sustained.

*Motion and exceptions overruled.*

WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.